# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Docket Nos. 2:14-cr-091-NT |
| | ) | 2:16-cv-348-NT |
| WALTER HEATHCOTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION**

In 2014, Petitioner pleaded guilty to Hobbs Act robbery, 18 U.S.C. § 1951(a), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) and § 924(e)(1). At his sentencing, I determined that Petitioner had been convicted of at least three qualifying prior crimes of violence and sentenced him to 180 months under the Armed Career Criminal Act ("**ACCA**"), 18 U.S.C. § 924(e)(1). Judgment (ECF No. 44).

Before me now is Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255. (ECF No. 52.) For the reasons that follow, I now **DENY** the motion.

**PROCEDURAL HISTORY**

On December 2, 2013, Petitioner served as the getaway driver for two individuals who committed an armed robbery of the Family Dollar Store in Biddeford. Prosecution Version (ECF No. 32). On December 18, 2014, Petitioner pleaded guilty to aiding and abetting a Hobbs Act robbery and possessing a firearm as a felon. (ECF No. 35). Because Petitioner had eight burglary convictions under Maine law[1] prior to

---
[1] Petitioner's Maine burglary convictions fall under 17-A M.R.S.A. § 401(1). That statute provides: "A person is guilty of burglary if: A. The person enters or surreptitiously remains in a

the commission of his federal offense, he fell under ACCA,[2] and he faced a guideline sentencing range of 188–234 months and a fifteen-year mandatory minimum sentence. Presentence Investigation Report at ¶¶ 32, 35, 63. On March 30, 2015, I sentenced Petitioner to 180 months on Counts One and Two to be served concurrently. (ECF Nos. 44–45.)

Petitioner did not file a direct appeal of his sentence, but on June 27, 2016, following the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015) ("*Johnson II*"), holding ACCA's "residual clause"[3] unconstitutional, Petitioner filed this habeas petition. Petitioner asserted that because *Johnson II* struck down the residual clause and because Maine's burglary statute was broader than generic burglary, his burglaries were ineligible[4] to serve as predicates under ACCA's

---

structure knowing that that person is not licensed or privileged to do so, with the intent to commit a crime therein." 17-A M.R.S.A. § 401(1). "Structure" is defined as "a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles and other conveyances whose primary purpose is transportation of persons or property unless such vehicle or conveyance, or a section thereof, is also a dwelling place." 17-A M.R.S.A. § 2(24). "Dwelling place" is defined as "a structure that is adapted for overnight accommodation of persons, or sections of any structure similarly adapted. A dwelling place does not include garages or other structures, whether adjacent or attached to the dwelling place, that are used solely for the storage of property or structures formerly used as dwelling places that are uninhabitable. It is immaterial whether a person is actually present." 17-A M.R.S.A. § 2(10). Two of Petitioner's convictions were for burglary of a dwelling place, the remaining six were for burglaries of structures. *See State v. Heathcote*, Dkt. No. CR-2009-122 (Me. Super. Ct. 2009) (Indictment) (ECF No. 56-1).

[2] The Armed Career Criminal Act ("**ACCA**") provides that "a person who violates section 922(g) of [Title 18] and has three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). "Violent felony" under the ACCA includes any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[3] Section 924(e)(2)(B)(ii) is commonly broken into the "enumerated clause" and the "residual clause." The enumerated clause consists of the listed crimes—burglary, arson, extortion and any offense that involves the use of explosives. The now-void residual clause consists of any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4] In order to determine whether a statute of conviction is broader than its generic version, courts are required to use a categorical or modified categorical approach depending on whether a statute is

enumerated clause after *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Mathis* held that an Iowa burglary statute encompassing vehicle burglaries could not support an ACCA sentence because it was broader than the generic definition of burglary. 136 S. Ct. at 2251. Petitioner's primary argument was that, because the Maine burglary statute allows conviction for entry into structures adapted for overnight accommodation, such as campers and boats, it was too broadly defined to constitute generic burglary under ACCA's enumerated clause.

In response, the Government argued that Petitioner's prior Maine burglary convictions were categorically burglaries under ACCA's "enumerated" clause. *See* Gov't Resp. in Opp'n to Def.'s Mot. to Correct Sentence 5 (ECF No. 56) (citing *United States v. Duquette*, 778 F.3d 314 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 262 (2015)). In *Duquette*, the First Circuit concluded that Section 401(1) of Maine's burglary statute qualified as a "violent felony" under ACCA, because "[b]y its clear and unambiguous terms, the statute contains all of the elements of 'generic burglary' that the Supreme Court set forth in *Taylor*." *Duquette*, 778 F.3d at 318.

In reply, Petitioner argued that *Duquette* was no longer good law in light of *Mathis*. Pet.'s Reply 14–16 (ECF No. 57). Petitioner also added a new argument that because Maine law allows an inference of burglary based on "exclusive possession" of

---

divisible. The categorial approach that requires courts to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013). For a statute that is divisible, courts may consult a limited range of documents to determine which portion of the divisible statute the defendant was charged under, and then they must compare those elements to the elements of the generic offense. *Id.* at 262.

property recently stolen in a burglary, 17-A M.R.S.A. § 361(A)(1), it is broader than generic burglary. Pet.'s Reply 9–10. Because Petitioner raised a new argument in his Reply, I allowed the Government to file a Sur-reply to address the merits of Petitioner's additional arguments. (ECF No. 59.)

After the motion was fully briefed and under advisement, I stayed decision at Petitioner's unopposed request, pending decisions in *United States v. Casey*, 2016 WL 6581178 (D. Me. Nov. 3, 2016); *Collamore v. United States*, 2016 WL 6304668 (D. Me. Oct. 27, 2016); and *Dimott v. United States*, 2016 WL 6068114 (D. Me. Oct. 14, 2016). (ECF No. 63.) The First Circuit consolidated these cases and affirmed the lower courts' rulings that each of these petitions was procedurally barred. *United States v. Dimott*, 881 F.3d 232, 236 (1st Cir. 2018). Each of the petitioners asserted that he was sentenced under the residual clause invalidated by *Johnson II* and that his burglary conviction fell outside ACCA's enumerated clause under *Mathis*. *Id*. The First Circuit held that each petitioner bore the burden of proving that he was in fact sentenced under the residual, rather than the enumerated, clause. In two of the cases, the judge on collateral review (who had also been the sentencing judge) found that the petitioners had been sentenced pursuant to the enumerated clause, making it easy for the First Circuit to conclude that the petitioners were actually sentenced under the enumerated clause. *Id*. at 236–37. In the third case, the record was silent on whether the sentencing judge had used the enumerated or residual clause in finding that the underlying conviction qualified under ACCA. *Id*. at 238. The First Circuit affirmed the denial of the third petition on the ground that the petitioner had

4

failed his burden of production and proof under § 2255 to show that he was sentenced under the now-void residual clause. *Id.* at 240. The First Circuit concluded:

> All three petitions are untimely because they raise *Mathis*, not *Johnson II* claims, and *Mathis* does not reset the one-year statute of limitations under § 2255(f)(3). The petitioners have no *Johnson II* claims because they have not shown that their original ACCA sentences were based solely on the residual clause.

*Id.* at 234.

In December of 2018, the Supreme Court ruled that state burglary statutes that cover vehicles designed or adapted for overnight use fall within the generic burglary definition. *United States v. Stitt*, 139 S. Ct. 399, 406–07 (2018). After *Stitt* was decided, Petitioner's counsel filed a status report conceding that *Stitt* went directly to the merits of Petitioner's primary claim. Status Report (ECF No. 64).

I held a telephone conference on August 22, 2019, in which defense counsel maintained that, despite *Stitt*, he still had viable arguments that he wished to pursue. *See* (ECF No. 66). Petitioner asked to file a supplemental brief, in which he developed three arguments that Maine's burglary statute is broader than generic burglary. *See* Pet.'s Suppl. Mem. (ECF No. 67). First, he contends that because Maine's statute defines a structure to include a "place designed to provide protection for persons or property against weather or intrusion" and could include, for instance, a gazebo, it goes beyond generic burglary. Pet.'s Suppl. Mem. 3. Second, he argues that Maine's statute is broader than generic burglary because it allows a jury to draw an inference of guilt if it finds a burglary occurred and a defendant was in exclusive possession of property taken in that burglary. Pet.'s Suppl. Mem. 3–4. Finally, Petitioner claims

5

that, because the Maine statute includes attempted burglary, it is broader than generic burglary. Pet.'s Suppl. Mem. 4–5.

The Government, after noting that *Duquette* remains binding Circuit precedent, filed a responsive supplemental brief addressing the merits of these newly developed arguments. Gov't's Suppl. Mem. (ECF No. 68). At no time has the Government raised the issue of whether Petitioner has a procedural right under § 2255 to bring the claim that he asserts.

## ANALYSIS

### I. Timeliness

Petitioner's § 2255 claim is untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a "1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Because Petitioner filed his § 2255 Petition more than a year after his judgment became final, he depends on the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). While it is clear that *Johnson II* announced a newly recognized right made retroactively applicable to cases on collateral appeal by *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), it is also clear that *Mathis* is not retroactively applicable. *Dimott*, 881 F.3d at 236–37.

Petitioner claims, as did Dimott, Collamore, and Casey, that because *Johnson II* struck down the residual clause and because his burglary convictions are not

6

crimes of violence under the enumerated clause after *Mathis*, he should not have been sentenced under ACCA. *See id.* at 234, Pet.'s Suppl. Mem. 1, But in order for Petitioner to assert such a claim, he has to show that his original ACCA sentence was based on the residual clause. *See Dimott*, 881 F.3d at 234. I have reviewed the file and the transcript from Petitioner's sentencing. There was no discussion regarding whether the burglaries fell within the enumerated or the residual clause. At sentencing, defense counsel focused his arguments not on whether ACCA applied, but on whether I should grant a downward variance from the higher sentencing guideline range to the fifteen-year mandatory minimum. The First Circuit had decided *Duquette* just months before Petitioner's sentencing, and, looking back, it is apparent to me that I considered Petitioner's burglaries to be ACCA predicates under the enumerated clause.

Because he cannot meet his burden of showing that his predicate convictions fell under ACCA's residual clause, Petitioner cannot assert a *Johnson II* claim. *Id.* at 240. And, as noted above, Petitioner's *Mathis* claim cannot support relief under § 2255 because *Mathis* is not retroactive. *Id.* at 237.

## II. Merits of Petitioner's Remaining Arguments

Even if I were to find that Petitioner's claim was timely, I would reject his contention that Maine's burglary statute is broader than generic burglary. *Duquette* answered that question, and it has been followed, even in the wake of *Mathis*, by three other judges of this District. *Casey*, 2016 WL 6581178, at \*\*4–5; *Collamore*, 2016 WL 6304668, at \*2; *Dimott*, 2016 WL 6068114, at \*\*3–4; *McCurdy v. United States*, 2017 WL 74695, \*5 (D. Me. Jan. 6, 2017). While some of my colleagues have

acknowledged that *Mathis* cast doubt on the viability of *Duquette, see, e.g., Casey*, 2016 WL 6581178, at *5, the *Stitt* decision has only served to improve the likelihood that *Duquette* will survive. *Stitt*, 139 S. Ct. at 406–07 (explaining that vehicles used for accommodation have same possibilities of confrontation that lie at heart of generic burglary). At the end of the day, I agree with my colleagues that I am bound by *Duquette*. It is up to the First Circuit to decide whether it wishes to revisit its conclusion that Maine burglary has all the elements of generic burglary and no more.

**CONCLUSION**

For the reasons stated above, I **DENY** Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of September, 2019.